**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| John Michael Robinson, | ) | CASE NO. 3:14 CV 201 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Ed Sheldon, Warden | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Kenneth McHargh (Doc. 22) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner did not file objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation." When no objections have been filed this Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See* Advisory Committee Notes 1983 Addition to Federal Rule of Civil Procedure 72.

### **Discussion**

Petitioner is incarcerated as a result of his 2001 conviction based on a guilty plea to two counts of aggravated murder, with firearm specifications, and one count of attempted aggravated murder, with specification. In his Petition, one ground for relief is raised which asserts that the guilty plea was unlawfully induced in order to escape the risk of the death penalty.

The Magistrate Judge concluded that the Petition was untimely. Petitioner did not dispute that the Petition was filed outside the limitations period, but asserted that his actual innocence equitably tolled the filing. The Magistrate Judge reviewed the facts and determined, upon the appropriate standard of review, that it had not been established that no reasonable juror would have voted to find petitioner guilty beyond a reasonable doubt. Thus, petitioner was not entitled to equitable tolling. Even assuming equitable tolling were allowed, the Magistrate Judge further noted that, in a non-capital case, a claim of actual innocence does not entitle a petitioner to habeas relief absent an independent constitutional violation in the criminal proceeding. Petitioner's sole ground for relief did not establish such given that the Supreme Court has held that a plea of guilty is not invalid merely because it was entered to avoid the possibility of a death penalty.

Having no objections, the Court has reviewed the Report and Recommendation and

found no clear error.  Accordingly, it accepts the recommendation.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, which is incorporated herein, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/16/15